UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH A. HARRIS,

Plaintiff,

-v-

THOMAS J. DOUGHERTY, et al.,

Defendants.
_____



PS

14-CV-6260L
ORDER

## INTRODUCTION

Plaintiff, Joseph A. Harris, has filed a Second Amended Complaint (Docket No. 11) as directed by the Court (Docket No. 10). This is now the operative pleading. The Court reviews the Second Amended Complaint pursuant to 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed below, Plaintiff will be given one additional opportunity to file a complaint which meets the requirements of Rule 8. If Plaintiff does not file a Third Amended Complaint as directed, the Second Amended Complaint will be dismissed with prejudice. If Plaintiff again files a complaint which does not meet the requirements of Rule 8, the Third Amended Complaint may be dismissed, or the Court may be forced to strike portions of the Third Amended Complaint so that Defendants may reasonably be expected to answer that pleading.

## DISCUSSION

Plaintiff's initial Complaint alleged that when he was in custody at the Livingston County Jail, Defendants subjected him to harm by providing him with certain medication and by refusing to take him to the hospital after suffering an injury. The Court screened the Complaint under 28 U.S.C. §§ 1915(e) and 1915A criteria, and directed Plaintiff to file an

Amended Complaint. Plaintiff was directed to plainly set forth the allegations against Defendants and the nature of the harm he suffered.

Plaintiff's Amended Complaint named 23 Defendants and consisted of over 300 pages including both written material and copies of documents. Due to the failure of this filing to follow the Federal Rules of Civil Procedure, particularly Rule 8(a)(2) (requiring "a short and plain statement of the claim"), Plaintiff was directed to file a Second Amended Complaint. Plaintiff was specifically directed not to insert documents between written allegations, nor to include photographs and documents which he wished to use as evidence. Plaintiff was advised that he would have an opportunity to present such documents as evidence if his claims went forward. Plaintiff was specifically admonished that his Second Amended Complaint must meet federal pleading requirements, with the pertinent rules set forth and explained at some length in the Court's Order.

**Plaintiff's Second Amended Complaint**

Plaintiff has now filed a Second Amended Complaint (Docket No. 11). This consists of 341 pages. Plaintiff has numerous pages scattered throughout his filing denominated "Second Amended Complaint" (e.g. Docket No. 11 pp. 4, 6-11, 49, 80; Docket No. 11-1 pp. 2, 41, 51, 60 and 72). Plaintiff has subsequently added three sets of exhibits, bringing the current filing to 463 pages.

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P. 8(a)(2), and that each allegation be "concise, and direct," Fed.R.Civ.P. 8(d)(1). "The function of pleadings under the Federal Rules is to give fair notice of the claim asserted. Fair notice is that which will enable the adverse party to answer and prepare for trial, allow the application of res judicata, and identify the nature of the case so it may be assigned the proper form of trial." 2A Moore's Federal Practice P 8.13, at 8- 58 (2d ed. 1994); *see*

*Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("principal function of pleadings under the Federal Rules is to give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial"). When a complaint fails to comply with these requirements, the district court has the power, on motion or sua sponte, to dismiss the complaint. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995); *Salahuddin v. Cuomo*, 861 F.2d at 42. "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised," *Salahuddin*, 861 F.2d at 42, and "if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend ... especially ... when the complaint states a claim that is on its face nonfrivolous," *Simmons*, 49 F.3d at 86-87.

## Direction to File a Third Amended Complaint

Because Plaintiff's Second Amended Complaint does not comply with this Court's prior order, and because it is not a pleading which Defendants may fairly be expected to answer, Plaintiff will be required to file a Third Amended Complaint. Plaintiff is warned that another filing similar to his prior complaints will be grounds for dismissal. *See e.g. Link v. Wabash Railroad Co.*, 370 U.S. 626, 633 (1962); *Harding v. Federal Reserve Bank of New York*, 707 F.2d 46, 50 (2d Cir. 1983) (noncompliance with a court order is itself grounds for dismissal as a failure to prosecute). Should Plaintiff file yet another vast sea of documents and scattered allegations, the Court will dismiss for refusal to comply with this Court's Order ("The remedy is pungent, rarely used, and conclusive. A district judge should employ it only when he is sure of the impotence of lesser sanctions." *id.*).

If the document is again non-compliant, but not so egregiously non-compliant that dismissal is warranted, Plaintiff is warned that the Court has the option of striking as much

of the Third Amended Complaint as necessary to render the document compliant with Rule

8:

"When a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, see Fed.R.Civ.P. 12(f)"

*Salahuddin*, 861 F2d at 42. Plaintiff should endeavor to file a Third Amended Complaint which complies with the requirements of the Federal Rules, and of this Order.

## CONCLUSION

For the reasons set forth above, Plaintiff's claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless he files a Third Amended Complaint by **November 18, 2016** in which he includes the necessary allegations as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that the Third Amended Complaint is intended to completely replace the all complaints in the action, and thus it "renders [any prior complaint] of no legal effect." *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977), *cert. denied sub nom.*, *Vesco & Co., Inc. v. International Controls Corp.*, 434 U.S. 1014 (1978*); see also Shields v. Citytrust Bancorp*, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, Plaintiff's Third Amended Complaint must include all of the allegations against each of the Defendants so that the Third Amended Complaint may stand alone as the sole Complaint in this action which the Defendants must answer.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff is granted leave to file a Third Amended Complaint only as directed above by **November 18, 2016;**

FURTHER, that if Plaintiff does not file a Third Amended Complaint as directed above, that the Second Amended Complaint is dismissed with prejudice;

4

FURTHER, that in the event the Second Amended Complaint is dismissed because Plaintiff has failed to file a Third Amended Complaint, the Clerk of Court shall close this case as dismissed with prejudice without further order;

FURTHER, that in the event the Second Amended Complaint is dismissed because Plaintiff has failed to file a Third Amended Complaint, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

SO ORDERED.

David G. Larimer
United States District Judge

DATED September 28, 2016
Rochester, NY

5