UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOSEPH A. HARRIS,

                                   Plaintiff,

                              v.

JEREMY SLOCUM et al.,

                                   Defendants.
_____

<u>DECISION AND ORDER</u>

14-CV-6260L

On May 16, 2014, plaintiff commenced the instant action pro se, seeking damages for, inter alia, deliberate indifference to serious medical needs while he was incarcerated at the Livingston County Jail. (Dkt. #1). The operative pleading is plaintiff's Third Amended Complaint, filed on or about November 17, 2016. (Dkt. #17, #18). Discovery was ongoing as of April 2021. (Dkt. #120).

On July 12, 2021, Ryan G. Smith, counsel for six of the defendants, filed a Suggestion of Death for the plaintiff, stating that on information and belief, plaintiff had died on or about June 24, 2021. (Dkt. #123). A copy of the Suggestion of Death was mailed to plaintiff's last known address on or about July 12, 2021, but was returned as undeliverable, with a stamped message from the United States Postal Service that plaintiff had moved without leaving a forwarding address. (Dkt. #123-1).

On July 14, 2021, Magistrate Judge Pedersen issued an Order instructing plaintiff's estate that it had 90 days from the filing of the Suggestion of Death to move for substitution, and cautioning that if no motion for substitution was filed, the matter would be dismissed. (Dkt. #124). That Order, too, was served upon plaintiff's last known address, but was returned as undeliverable,

with the United States Postal Service indicating that the recipient had, "Moved / Left No Address / Unable to Forward." (Dkt. #125).

On October 22, 2021 and October 25, 2021, defendants moved to dismiss the matter for failure to substitute a representative pursuant to Fed. R. Civ. Proc. 25(a)(1), and/or for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b), noting that more than 90 days had passed since the filing and service of the Suggestion of Death, without any representative of the estate having appeared or moved for substitution. (Dkt. #126, #127).

Rule 25(a)(1) of the Federal Rules of Civil Procedure provides that:

> [i]f a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Proc. 25(a)(1).

The Second Circuit has held that Rule 25(a)(1) "does not require that the statement [of death] identify the successor or legal representative; it merely requires that the statement of death be served on the involved parties." *Unicorn Tales, Inc. v. Banerjee*, 138 F.3d 467, 470 (2d Cir. 1998). "District courts in this Circuit have extrapolated from this principle to conclude that service on a deceased party's successors is not necessary in order for a case to [be] dismissed as against the deceased party pursuant to Rule 25." *Simons v. Commissioner of Soc. Sec.*, 2021 U.S. Dist. LEXIS 175814 at *30-*31 (S.D.N.Y. 2021), *report and recommendation adopted by* 2021 U.S. Dist. LEXIS 195068 (S.D.N.Y. 2021).

Pursuant to Fed. R. Civ. Proc. 25(a)(3), service on parties is to be made in accordance with Fed. R. Civ. Proc. 5, which permits service by mail "to the person's last known address – in which event service is complete upon mailing." Fed. R. Civ. Proc. 5(b)(2)(C). This is so, regardless of

whether the item is later returned as undeliverable. *See Thomas v. RJM Acquisition LLC*, 2014 U.S. Dist. LEXIS 23000 at *7 n.3 (service on party's address of record is considered proper and complete upon mailing, even if the mailed item is returned as undeliverable).

As such, I find that the defendants' mailing of the Suggestion of Death to plaintiff's last known address was sufficient to satisfy the requirement of serving plaintiff under Rule 25, even though it was returned as undeliverable. I further find that requiring defendants to make additional efforts to identify and serve plaintiff's representatives would be inappropriate in light of the "*de minimis* standard to which suggesting parties are held" by the Second Circuit, and unduly burdensome under the particular circumstances of this case.[1] *Pastorello v. City of New York*, 2000 U.S. Dist. LEXIS 15137 at *6 (S.D.N.Y. 2000). *See Izzarry v. Sullivan*, 1989 U.S. Dist. LEXIS 7181 at *2 (S.D.N.Y. 1989) (defendant is entitled to judgment dismissing the case under Rule 25 where defendant "mailed a copy of the suggestion of death to plaintiff's last known address, and the envelope was returned by the United States Postal Service," whereafter no motion for substitution was timely filed). *See generally Simons*, 2021 U.S. Dist. LEXIS 175814 at *31.

Because no one has timely moved to be substituted for plaintiff or otherwise responded to the July 14, 2021 Order directing timely substitution, dismissal of the Third Amended Complaint is warranted, pursuant to Fed. R. Civ. Proc. 25(a)(1) and/or Fed. R. Civ. Proc. 41(b).

However, "[b]ecause the plaintiff proceeded pro se and the suggestion of death and subsequent Order . . . were served only on the deceased plaintiff at h[is] last known address, the Court cannot know with certainty at this stage whether a legal successor exists who may attempt

---

[1] It appears that identifying an estate representative would be singularly challenging here. Research reveals no published obituaries, marriage records, public records listing co-residents or alternate addresses for plaintiff, or other typical means of identifying potential representatives of the plaintiff's estate. The sole published reference to plaintiff's death that the Court has been able to locate appears on the website of Rochester Cremation, a cremation services company, and states simply: "Joseph A. Harris. Nunda, NY: June 23, 2021. Joseph is survived by loving family and friends." https://rochestercremation.com/obituary/joseph-a-harris (last visited November 1, 2021).

to substitute for the plaintiff and renew the case." *Miller v. DCM, Inc.*, 2007 U.S. Dist. LEXIS 25283 at *2-*3 (S.D.N.Y. 2007) (dismissing matter pursuant to Fed. R. Civ. Proc. 25(a)(1) without prejudice, in order to preserve the remedy of an enlargement of time under Fed. R. Civ. Proc. 6(b), in the event a successor or legal representative comes forward). *See also Steward v. City of New York*, 2009 U.S. Dist. LEXIS 150556 at *9-*10 (E.D.N.Y. 2009) (Rule 25 does not mandate dismissal with prejudice, and "gives courts flexibility to tailor the type of dismissal to the facts of the case"); *Keating v. Leviton Mfg. Co.*, 2009 U.S. Dist. LEXIS 6839 at *6 n. 1 (E.D.N.Y. 2009) (dismissing matter under Rule 41(b) without prejudice, where estate representatives did not respond to the Suggestion of Death or to correspondence from the court after five months).

Given that service of the Suggestion of Death and subsequent Order by mail upon the plaintiff's last known address resulted only in those mailings being returned, unopened and undelivered – making them the functional equivalent of messages shouted into the ether – I find that under the circumstances, dismissal should be without prejudice.

Defendants' motions to dismiss (Dkt. #126, #127) are accordingly granted, and the Third Amended Complaint is dismissed in its entirety, without prejudice, pursuant to Fed. R. Civ. Proc. 25(a)(1) and 41(b). The Clerk of the Court is directed to close the case.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       November 5, 2021